UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:08-CV-159-KKC

EMMITT HERRERA                                                                    PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, *Warden*                                                RESPONDENT

Emmitt Herrera is incarcerated in the United States Penitentiary-Big Sandy which is located in Inez, Kentucky ("USP-Big Sandy"). Herrera has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hector A. Rios, the warden of USP-Big Sandy, is the respondent . Herrera has paid the $5.00 filing fee [Record No. 4].

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Herrera is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under 28 U.S.C. § 1915(e)(2), if a district court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Herrera challenges disciplinary action taken against him at USp-Big Sandy on July 22,

2008 and on July 24, 2008. Herrera stated that he was charged on both dates with having a "dirty urine" test result. He alleges that his placement in segregated housing, and his being charged with having a "dirty urine" sample, violated his right to due process of law in violation of the Fifth Amendment of the United States Constitution.

Herrera claims that on July 22, 2008, he was willing to submit to a urine test but that notwithstanding that fact, he was wrongfully charged with refusing to submit to a urine test. Herrera further asserts that two days later, on July 24, 2008, he was again charged with the same offense and was placed in the Segregated Housing Unit ("SHU"). He states as follows:

> I was placed in the segregation unit (S.H..U.) without an Incident Report nor a lock up Order as required by the B.O.P.'s regulations. I was told by the staff that I was going to the S.H.U. for a dirty urine but no Incident Report nor lock up order was issue to me within 24 hours as required by B.O.P. regulation in violation of my due process."

[Record No. 2, p. 5].

Herrera complains that he was charged twice (both on both July 22, 2008 and July 24, 2008) with violating the same offense. He claims that this action subjected him to double jeopardy in violation of the Fifth Amendment of the United States Constitution.

Herrera states that he did not exhaust his claims through the administrative remedy process [*Id.*, p. 7]. He justified this failure by stating that exhaustion is only required for civil claims asserted under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (a) ("the PLRA"). Herrera contends that exhaustion is not required for claims asserted under the habeas statute, 28 U.S.C. § 2241 [*Id*].

DISCUSSION

Herrera incorrectly concludes that he was not required to administratively exhaust his Fifth Amendment claims. He was in fact required to have exhausted all of his Fifth Amendment challenges to the disciplinary action about which he complains.

Herrera is partially correct that the exhaustion requirement in habeas actions does not arise under either the PLRA or the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Rather, the requirement falls under a judicially created doctrine which applies to §2241 petitions.

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); and *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

A district court may waive the requirement if it finds that exhaustion is futile. *See Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Professional Medical Transfer Service, Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995). Resort to administrative remedies is only futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or

3

it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a).

If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director. If not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

The exhaustion requirement is designed to ensure not only that the agency be given the opportunity to review its conclusions short of litigation, but also that the district court be provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

Here, it is obvious that Petitioner Herrera has not even begun the administrative remedy process by filing an BP-9 "Request for Administrative Remedy" with the Warden of USP-Big Sandy. The actions about which he complains occurred on July 22 and 24, 2008, and Herrera filed this § 2241 proceeding two weeks later, on August 11, 2008.

Simply put, Herrera has filed this action prematurely. The Court will therefore dismiss

the instant § 2241 petition without prejudice to Petitioner Herrera filing another petition after the BOP exhaustion process has run its course.[1]

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Emmitt Herrera's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2) This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the warden/respondent, Hector A. Rios.

Dated this 2nd day of September, 2008.

Signed By:
*Karen K. Caldwell*  KKC
**United States District Judge**

---

[1] Herrera is advised that even assuming he fully exhausts his complaints about SHU confinement, the claim may suffer from another fatal defect. Herrera alleges no loss of good time credits, which loss could affect the duration of his sentence. Such confinement, absent the loss of good time credits, does not establish either a valid Fifth or Eighth Amendment claim. *Sandin v. Conner*, 515 U.S. 472, 484-86, 115 S. Ct. 2293 (1995); and *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997).